United States District Court
Southern District of Texas
**ENTERED**
October 29, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| GENARO MARTINEZ MALDONADO | § | |
| (TDCJ #02194418), | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00222 |
| | § | |
| BOBBY LUMPKIN, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| Respondent. | § | |

## REPORT & RECOMMENDATION

Petitioner Genaro Martinez Maldonado, a state prisoner proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 1.) The case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b). This court has construed Petitioner's application as a petition for habeas corpus pursuant to 28 U.S.C. § 2254 and recharacterized it as such. (Dkt. No. 3.) Respondent filed a Motion for Summary Judgment on November 16, 2020. (Dkt. No. 5.) On December 15, 2020, Petitioner filed a response in opposition to Respondent's Motion for Summary Judgment. (Dkt. No. 6.)

After carefully considering each of the parties' pleadings and responses, and the state court record in light of the applicable law, the undersigned concludes that Petitioner has not shown a basis for federal habeas corpus relief. It is recommended that Respondent's Motion for Summary Judgment (Dkt. No. 5) be **GRANTED**. Petitioner's application for § 2254 habeas relief is barred by the AEDPA limitations period and for non-exhaustion; and the claims, themselves, if

considered, are meritless.   Accordingly, it is recommended that Petitioner's § 2254 petition (Dkt. No. 1) be **DISMISSED** with prejudice.

Finally, it is recommended that the District Court **DECLINE** to issue a certificate of appealability in this matter.

## BACKGROUND

### I.   The Events of April 17, 2016

This case arises out of a shooting that took place at Jaguars Gold Club in Edinburg, Texas on April 17, 2016.   *See* Dkt. No. 15-1 at 3.[1]   The shooting resulted in several injuries and the death of one individual.   *Id.*   According to Edinburg police reports, surveillance camera footage shows a group of seven individuals, three women and four men, arriving at Jaguars at 3:46 a.m., shortly before the shooting took place.   *Id.* at 12.   The floor manager, Juan Francisco Martinez, told officers that the four men were aggressive, so they were asked to leave.   *Id.*   Surveillance footage, which shows the men being escorted out of the club at 4:40 a.m., corroborates the floor manager's statement.   *Id.*   As Jaguars' staff escorted the men out of the building, a scuffle ensued. *Id.*   As the scuffle was ongoing, one of the men fired several rounds from a high-power rifle into the club entrance.   *Id.* at 6, 12.   Shortly thereafter, the men left the club in the vehicle they arrived in.   *Id.* at 12-13.

After the shooting, Jaxmany Montes Hernandez was observed lying on the floor to the right of the entrance of the bar.   Mr. Montes had a gunshot wound to his right rib area and was later

---

[1] Dkt. No. 15-1 is redacted version of State Exhibit #2 offered by Hidalgo County District Attorney's Office in support of Petitioner's plea to allegation of murder in *State of Texas v. Genaro Martinez Maldonado*, Case No. CR-0950-18-B, out of 93rd District Court, Hidalgo County, Texas.   Exhibits includes probable cause complaint, police reports, witness statements, ballistic reports and autopsy report.   Additionally, the state prosecutor introduced the following in support of the plea:   (1) State Ex. #1, the plea papers which include "Waiver of Rights & Consent to Stipulation of Evidence and/or Testimony & Plea of Guilty or No Contest" and "Plea Admonishments"; (2) State Ex. #3, "Agreed Punishment Recommendation and Post Conviction Waiver"; (3) State Ex. #4, Waiver of Disclosures and (4) State Ex. #5, Prosecutor's Discovery Compliance Statement.   *See* Dkt. No. 1 at 21-22; Tr. vol. 1, 11-12, May 1, 2018; *see also* Dkt. No. 5-1 at 31-41 (setting out State Exhibits #1, #3, #4 and #5 as initially provided by Respondent).

pronounced dead as result of said gunshot wound.   *See* Dkt. No. 15-1 at 2, 8-9.   Besides Mr. Montes, seven other victims were identified by law enforcement with gunshot wounds of varying degrees but each survived the incident.   *Id.* at 3-4.

Three days after the shooting, Edinburg police released the surveillance footage to local news outlets to identify the shooter.   *See* Dkt. No. 15-1 at 18.   That same day, police received a tip, identifying the shooter in the video as Genaro Martinez Maldonado, Petitioner.   *Id.* at 19. The club's manager, Alfredo Ortuno, was presented with a photo lineup containing Petitioner's photo and Ortuno positively identified Petitioner as one of the shooting suspects.   *Id.* at 20. Based on the photo lineup, police obtained an arrest warrant for Petitioner.   *Id.*   The identification of Petitioner as the shooter was subsequently corroborated by two of the women who were with Petitioner on the night of the shooting, Marisol Aguilar and Joanna Bazan.   *Id.* at 24, 29-32. After his arrest and arraignment, while in custody, Petitioner apparently bragged to other inmates about the shooting, implicating himself in the murder.   *Id.* at 28.

Petitioner was charged with and convicted of murder in violation of Tex. Penal Code § 19.02.   *See* Dkt. No. 5-1 at 2, 43.   Petitioner pled guilty to the offense on May 1, 2018 in the 93rd District Court in Hidalgo County, Texas, before the Honorable Judge Roberto Garza.   *Id.* at 2. Petitioner was subsequently sentenced to thirty years' imprisonment pursuant to a plea agreement.[2] *Id.* at 2-4, 36-37.   Petitioner did not file an appeal.

---

[2] As part of plea agreement, state prosecutor dismissed indicted allegations of attempted capital murder of multiple persons (Count 2), attempted murder (Counts 3,5,7,9,11,13,15), aggravated assault with a deadly weapon (Counts 4,6,8,10,12,14,16) and unlawful possession of firearm by felon (Count 17).   *See* Dkt. No. 1 at 19; Tr. vol. 1, 9 (May 1, 2018); *see also* Dkt. No. 5-1 at 15-30 (Judgement of Dismissal as to each count filed on May 1, 2018).

## II. Petitioner's Habeas Petition

Petitioner filed the present petition for habeas corpus on August 11, 2020.  *See* Dkt. No.

1.  Petitioner seeks relief pursuant to 28 U.S.C. § 2241(c)(3) on the following grounds:

> (1) the state district court did not properly advise Petitioner of the correct mandatory minimum sentence;
> (2) the state district court failed to properly inform Petitioner of the nature of the cause to which he entered a guilty plea;
> (3) Petitioner's guilty plea was not voluntarily, knowingly, and intelligently made because the state district court failed to ensure that Petitioner understood the charged offense;
> (4) the state district court failed to properly inform Petitioner of any possible defenses and entitlements to lesser included offenses; and
> (5) there was insufficient evidence to support Petitioner's conviction.

*Id.* at 4-5.  Even though the proceedings were in state court, Petitioner relies, in part, on Federal Rule of Criminal Procedure 11 (setting forth procedures for pleas in federal court) as the basis for his claims.  *Id.* at 3.

On August 19, 2020, the undersigned construed the petition as an application for habeas corpus pursuant to 28 U.S.C. § 2254.  *See* Dkt. No. 3.  The State was ordered to respond.  *Id.* On November 16, 2020, Respondent filed a Motion for Summary Judgment, alleging that Petitioner has failed to exhaust his claims and is time-barred from bringing the present action pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[3].  *See* Dkt. No. 5 at 3.

In his response filed December 15, 2020, Petitioner claims that he is not barred by the AEDPA statute of limitations "because Petitioner's Claims have not been adjudicated by the State or Federal Courts."  *See* Dkt. No. 6 at 3.  Further, Petitioner has not exhausted his claims because he did not have a right to appeal and a state writ of habeas corpus would have been ineffective

---

[3] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

because Petitioner could not bring his Fourth and Fourteenth Amendment claims at the state level, nor could he bring forth the claim of insufficient evidence. *Id.* at 4-5. Petitioner also submits that, pursuant to § 2254(B)(i), the exhaustion requirement can be waived. *Id.* at 5. Finally, Petitioner claims that relief pursuant to § 2254 is inadequate and Petitioner's claim never should have been recharacterized as a petition under § 2254. *Id.* at 6-7. Petitioner reasserts the claims from his original petition for habeas relief and asserts that summary judgment should be denied because Petitioner has demonstrated that there are genuine issues of a factual dispute between the parties. *Id.* at 9, 11.

On July 23, 2021, the undersigned ordered the Respondent to file State Exhibit #2 by August 23, 2021. (Dkt. No. 7.)   On August 20, 2021, the Respondent filed a motion for extension of time. (Dkt. No. 10.)   After this motion was granted, the Respondent replied by requesting to file record (State Exhibit #2) under seal and also requesting that a copy not be provided to Petitioner. (Dkt. Nos. 11-13.)   On September 9, 2021, the undersigned denied the request and ordered Respondent to file a redacted version of State Exhibit #2 by September 30, 2021, and to provide a copy of said redacted version to Petitioner. (Dkt. No. 14.)   On September 28, 2021, the Respondent submitted a redacted version of State Exhibit #2 and noted that a copy was provided to Petitioner by mail. (Dkt. Nos. 15, 15-1.)

## **APPLICABLE LAW**

### I.   **Summary Judgment Review**

Summary judgment is appropriate if the pleadings and evidence show that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Once the movant for summary judgment presents "a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show with 'significant

probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (citation omitted).   A district court must construe disputed facts in a light favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   Within the habeas context, the Federal Rules of Civil Procedure apply so long as there is not a conflict with the federal rules governing habeas proceedings. *Banister v. Davis*, --- U.S. ---, 140 S. Ct. 1698 (2020) (citing Fed. R. Civ. P. 81(a)(4) and Rule 12 of Rules Governing § 2254 Cases).   Therefore, these claims are reviewed pursuant to Federal Rule of Civil Procedure 56(a) unless there is a conflict with the Rules Governing § 2254 Cases.

## II.   Federal Habeas Review of State Proceedings

### a.   Section 2241 vs. Section 2254

Petitioner proceeds without an attorney.   Accordingly, he is entitled to a more liberal construction of his filings.   Pleadings filed by a *pro se* litigant are held to less stringent standards than those drafted by practicing attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997); *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472 & n.16 (5th Cir. 1996).   "It is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing." *Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011) (citations omitted).   While Petitioner is entitled to some leniency, he "must still plead factual allegations that raise the right to relief above the speculative level." *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019).   Considering this appropriate leniency, the first matter to address is whether Petitioner should proceed under § 2241, as Petitioner would like, or § 2254, as redesignated by the court.

It is clear from Petitioner's pleadings that he challenges the validity of his conviction based on the proceedings in state district court.   Two habeas statutes provide potential federal

jurisdiction and relief for state prisoners who challenge the lawfulness of their confinement or

conviction.   The first, which Petitioner seeks to invoke, is 28 U.S.C. § 2241.

Section 2241 provides, in part,

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice
thereof, the district courts and any circuit judge within their respective jurisdictions.
...
(c) The writ of habeas corpus shall not extend to a prisoner unless ...
    (3) [h]e is in custody in violation of the Constitution or laws or treaties of the
    United States.

28 U.S.C. § 2241(a), (c)(3).

The second statute, invoked by the court, is 28 U.S.C. § 2254:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
entertain an application for a writ of habeas corpus in behalf of a person in custody
pursuant to the judgment of a State court only on the ground that he is in custody
in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Petitioner first brought his petition pursuant to 28 U.S.C. § 2241.   This court

recharacterized the complaint as a petition pursuant to 28 U.S.C. § 2254 – a decision Petitioner

disagrees with.   *See* Dkt. No. 6 at 7 (Petitioner claims he "sought release from all physical

imprisonment, which only § 2241 could grant.").   While very similarly worded, the question of

whether a petitioner can proceed under § 2241, as opposed to § 2254, is a significant one.   Section

2241 does not include (1) the one-year limitations period of § 2244(d)(1), which applies to § 2254;

(2) the extremely deferential review standards of §§ 2254(d)(1), (2); or (3) the limitation on

successive petitions in § 2244(b)(2).   A petitioner proceeding under § 2241, therefore, does not

need to overcome these procedural hurdles.   *Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir.

2011) ("[Section] 2254(d) was designed to impose additional burdens on post-conviction habeas

petitioners and to effect the gatekeeping function of the [AEDPA]."); *see also Hartfield v.*

*Quarterma*n, 603 F. Supp. 2d 943, 948 (S.D. Tex. 2009) ("habeas petitions under § 2241 have no statute of limitations and are reviewed de novo by federal courts").   The exhaustion requirement (required by statute for § 2254 petitions), however, is still generally required in § 2241 actions by state prisoners challenging custody.   *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–91 (1973); *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015); *see also* 28 U.S.C. § 2254 (b)(1)(A).   With fewer procedural hurdles, § 2241 has its appeal, which presumably explains Petitioner's reliance on § 2241 rather than the more burdensome § 2254.   However, a litigant's motion is not always what it purports to be.   A court may sometimes recharacterize a motion that masquerades as something else.   *Castro v. United States*, 540 U.S. 375, 381-82 (2003).   Unfortunately for Petitioner, the correct vehicle for his claim is § 2254.

The writ of habeas corpus is a post-conviction remedy for state prisoners, governed by two different statutes – both of which have been discussed herein.   The difference in the statutes lies in the breadth of the situations to which they apply.   Section 2241 sets forth the basic grant of habeas power, which may be used to challenge pretrial detention.   *Osborne*, 808 F.3d at 1072 (citing *Yellowbear v. Wyoming Attorney General*, 525 F.3d 921, 924 (10th Cir. 2008)).   Section 2254 sets forth a limitation on that habeas authority, requiring certain procedural measures to be in place when "a person in custody pursuant to the judgment of a State court" seeks habeas relief. *Id.* at 1073 (citing *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003)); *Lopez Rodriguez v. Dir., Tex. Dep't of Criminal Justice, Corr. Institutions Div.*, No. 2:17-CV-236-Z, 2021 WL 291458, at *1 (N.D. Tex. Jan. 27, 2021).   In short, § 2241 applies to all habeas petitions while § 2254 applies to habeas petitions made by state prisoners in custody pursuant to a state court judgment and contesting confinement based on such judgment.   *Osborne*, 808 F.3d at 1072; *see also Lopez Rodriguez*, 2021 WL 291458, at *1 ("Section 2241 does grant authority to district courts to

consider state court prisoner's habeas claims, the more specific statutory provisions and requirements of Section 2254 apply in cases whenever the person is in custody pursuant to a state court judgment.").

Accordingly, "[t]he question is not whether his petition may be recharacterized as brought under § 2254, but whether § 2254 applies to his petition in addition to § 2241." *Osborne*, 808 F.3d at 1073. It does. Petitioner cannot sidestep the procedural requirements of § 2254 by asserting that his petition is made pursuant to § 2241 *exclusively*. Regardless of how they are styled, federal habeas petitions by prisoners who are "in custody pursuant to the judgment of a State court" should be treated as applications under § 2254 when, as here, the prisoners are contesting their confinement based on said judgments.

### b. Habeas Proceedings Under Section 2254

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) by a person in custody under the judgment of a state court can only be granted on grounds that he is in custody in violation of the Constitution or laws of the United States. Relief is not available for any claim decided on the merits in the state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Furthermore, § 2254 contains some of the noted procedural hurdles set up by Congress, which a petitioner must overcome before getting to said federal review. Concerning exhaustion, § 2254(b)(1) states,

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)    (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).   Procedural hurdles such as this are set forth because federal habeas proceedings must honor the "presumption of finality and legality [that] attaches to [a petitioner's] conviction and sentence." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).   "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A), (c).   This exhaustion requirement "is grounded in principals of comity and reflects a desire to protect the state courts' role in the enforcement of federal law." *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quotation marks and citations omitted); *see also McGowen v. Thaler*, 717 F. Supp. 2d 626, 637 (S.D. Tex. 2010).   The rule has been "[c]odified since 1948 in 28 U.S.C. § 2254" and "while not a jurisdictional requirement [the rule] creates a strong presumption in favor of requiring the prisoner to pursue his available state remedies." *Id.* (quotation marks, internal citations and footnote omitted).   When a petitioner has properly raised a federal constitutional claim before the state courts, "and the state courts have adjudicated their merits, AEDPA provides for a deferential federal review." *Ramey v. Davis*, 314 F. Supp. 3d 785, 802 (S.D. Tex. 2018).

In addition to meeting this exhaustion requirement, a habeas application under § 2254 must also be timely filed.   28 U.S.C. § 2244(d)(1).   The latter will be addressed before the former.

## DISCUSSION

### I.    AEDPA's Statute of Limitations

AEDPA establishes a one-year period for filing habeas corpus petitions by persons in custody pursuant to the judgment of a state court.   Section 2244(d)(1) states,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).   In most cases, the one-year limitation period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   *Id.*   That appears to be the case here.

### a.    Final Judgment for One Year Limitation

The first question to address is, *When did the judgment become final?* (either by the conclusion of direct review or the expiration of the time for seeking such review).   "[D]irect review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts, and to [the Supreme] Court, has been exhausted.   Until that time, the process of direct review has not come to an end and a presumption of finality and legality cannot yet have attached to the conviction and sentence."   *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009) (internal quotations and citations omitted).   If the conviction does not become final by the conclusion of direct review, it becomes final by "the expiration of the time for seeking such

11

review." 28 U.S.C. § 2244(d)(1)(A).   The Fifth Circuit has previously held that a state prisoner's conviction becomes final for purposes of § 2244 ninety days after judgment is entered in a court of last resort, when the time to file a petition for writ of certiorari with the Supreme Court has expired.   *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).   However, if the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.   *Id.* at 694 (state petitioner's limitations period began to run when the thirty-day period for filing a petition for discretionary review in state court ended).

Petitioner pled guilty and received his sentence on May 1, 2018.   (Dkt. No. 5-1 at 2-4.) In a criminal case, such as this, an appeal is perfected by timely filing a sufficient notice of appeal. Tex. R. App. P. 25.2.   Petitioner had 30 days to file a notice of appeal.   Tex. R. App. P. 26.2(a)(1). He failed to do so.   Accordingly, his judgment became final by the expiration of the time for seeking direct review – 30 days after sentencing.   *See Barnes v. Mossburger*, No. 3:15-CV-4021-D (BH), 2018 WL 1449398, at *3 (N.D. Tex. Feb. 16, 2018) ("[I]n a case in which there was a waiver of appeal and no appeal was filed, the judgment becomes final at the expiration of the thirty-day period for filing a notice of appeal under Tex. R. App. P. 26.2(a)(1).").   Thus, the limitations period for federal habeas review under § 2254 began to run on May 31, 2018.   A year later, on May 31, 2019, the limitations period expired for the purposes of filing a federal habeas petition under AEDPA.   28 U.S.C. § 2244(d)(1)(A); *Jimenez*, 555 U.S. at 119-20; *Roberts*, 319 F.3d at 694.

Petitioner's present application for habeas relief was filed on August 22, 2020.   (Dkt. No. 1.)   However, for purposes of applying AEDPA, a federal petition is considered filed on the day it is placed in the prison's mail system.   *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998). Petitioner placed his application in the mail on March 16, 2020.   (Dkt. No. 1 at 10.)   Petitioner's

filing on March 16, 2020 comes ten months after the filing deadline under AEDPA, which was on May 31, 2019.   The limitations period had run prior to the filing of Petitioner's application for habeas relief.   Consequently, the application for habeas relief is time-barred from review.

Petitioner argues that the limitations period does not apply "because Petitioner's Claims have not been adjudicated by the State or Federal Courts."   (Dkt. No. 6 at 3.)   To support his position, Petitioner cites 28 U.S.C. § 2244(d)(1), *Day v. McDonough*, 547 U.S. 198 (2006), and *Andrews v. Johnson*, 976 F. Supp. 527 (N.D. Tex. 1997).   *Id.*

First, § 2244(d)(1) expressly states that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."   It is the very statute that time-bars Petitioner's present application for habeas relief. Thus, it does not support Petitioner's claim that the limitations period should not apply here.

Second, at issue in *Day v. McDonough* is whether a federal court can dismiss a habeas petition as untimely if the State has filed an answer to the petition without contesting its timeliness. *Day*, 547 U.S. at 202.   In *Day*, in response to the habeas petition, the State agreed that the petition was timely.   *Id.* at 201.   Upon inspection, a federal magistrate judge determined that the State miscalculated the limitations period and, thus, concluded that the petition was untimely.   *Id.*   The Supreme Court held that the magistrate judge had the discretion to correct the State's error and dismiss the petition as untimely.   *Id.* at 202-203.   "[W]e hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."   *Id.* at 209.   Further, in *Day*, the State failed to raise the limitations issue by mistake.   Thus, the court addressed the issue *sua sponte*.   Pursuant to *Day*, if Respondent failed to address the timeliness issue, this court could review the issue *sua sponte*.   However, that is hardly the case.   Respondent

did not fail to assert the limitations defense in its answer.   (Dkt. No. 5 at 3.)   *Day* does not support Petitioner's contention that the limitations period should be waived.

Third, *Andrews v. Johnson* is similarly unhelpful.   In *Andrews*, a magistrate judge for the Northern District of Texas stated that the limitations period constitutes an affirmative defense that is waived if not pled.   *Andrews v. Johnson*, 976 F. Supp. at 530.   Again, Respondent claims in its answer that Petitioner is time-barred by the limitations period.   Accordingly, Respondent did not waive the limitations defense.   Therefore, *Andrews* is not applicable.   Absent equitable or statutory tolling, Petitioner's habeas petition is time-barred.

### b. Statutory and Equitable Tolling

The AEDPA limitations period expired 10 months before Petitioner placed his petition in the prison mailing system.   Because Petitioner is in custody pursuant to the judgment of a state court, AEDPA's statute of limitations prevents the court from granting his habeas petition absent statutory or equitable tolling.   The facts of this case do not suggest any possible grounds for statutory tolling.   *See* 28 U.S.C. § 2244(d)(1).   Petitioner has not alleged that a state-created impediment previously prevented Petitioner from filing.   *See* 28 U.S.C. § 2244(d)(1)(B).   Nor does he rely on a constitutional right, newly recognized by the Supreme Court, and made retroactively applicable.   *See* 28 U.S.C. § 2244(d)(1)(C).   Finally, Petitioner does not assert newly discovered factual predicate upon which he bases his claims.   *See* 28 U.S.C. § 2244(d)(1)(D).   In the absence of any grounds for statutory tolling, the court next considers the possibility of equitable tolling.

It is well-established that in appropriate circumstances AEDPA's one-year statute of limitations can be equitably tolled.   *Holland v. Florida*, 560 U.S. 631, 649 (2010).   "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).   Regarding the requirement that a petitioner pursue "his rights diligently," Petitioner must demonstrate "'reasonable diligence,' not 'maximum feasible diligence.'" *Jones v. Stephens*, 541 F. App'x 499, 503 (5th Cir. 2013) (quoting *Holland*, 560 U.S. at 653).   "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.* at 503 (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)).   Further, equitable tolling "is not intended for those who sleep on their rights." *Id.* (quoting *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)). Petitioner has not alleged an extraordinary circumstance that has prevented him from timely filing, nor has he demonstrated that he has been pursuing his rights diligently.   Accordingly, he is not entitled to equitable tolling.

Having determined that Petitioner is not entitled to statutory or equitable tolling, Petitioner's claims should be dismissed due to tardiness in filing.   Besides this issue of tardiness, Petitioner has failed to exhaust his state court remedies prior to filing this petition.

## II.   Exhaustion of State Court Remedies

### a.   Pleadings & Arguments

In its Motion for Summary Judgment, Respondent states that Petitioner's application for habeas relief must be dismissed because Petitioner has not exhausted his claims in state court. (Dkt. No. 5 at 9.)   To satisfy the exhaustion requirement, the claim must be presented to the highest court of the state for review.   *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). In the state of Texas, the Texas Court of Criminal Appeals is the highest court for the purpose of exhaustion.   *Id.* at 431.   Either a petition for discretionary review, Tex. R. App. P. 68.1, or an application for a post-conviction writ of habeas corpus, Tex. Crim. Proc. Ann. art. 11.07, can be

filed to proceed before the Texas Court of Criminal Appeals.   (Petitioner has filed neither.)

Further, to be exhausted, the state courts must have been presented with the same facts and the

same legal theory upon which the petitioner bases his federal petition.

Petitioner claims that Respondent's exhaustion argument fails because "Respondent has

failed to demonstrate that Petitioner has a 'right' to appeal."   (Dkt. No. 6 at 4.)   Presumably,

Petitioner believes that he did not have a right to appeal because he waived his right to appeal

when he pled guilty.   Further, Petitioner claims that the exhaustion requirement can be waived

pursuant to 28 U.S.C. § 2254(B)(i) "in the absence of available state Corrective Process."   (Dkt.

No. 6 at 5.)   There is no § 2254(B)(i).   However, § 2254(b)(1) has a subsection, §

2254(b)(1)(B)(i).   Section 2254(b)(1)(B)(i) sets forth that, even if the claims have not been

exhausted, the habeas matter may still be reviewed if "there is an absence of available State

corrective process."   Presumably, and most likely, that is what Petitioner is referencing.   *See*

*Nerren*, 86 F.3d at 472 (noting that a *pro se* litigant's petition shall be construed liberally).

Essentially, Petitioner argues that the state habeas procedures are ineffective to address his claims.

Petitioner argues that he could not exhaust his claims because several of his claims were not

cognizable at the state level, specifically Petitioner's Fourth and Fourteenth Amendment claims[4],

and his claim of insufficient evidence.   (Dkt. No. 6 at 5.)   As will be discussed in detail, Petitioner

has not successfully argued that the exhaustion requirement can be circumvented in this case.

### b.   Claim of Involuntary Plea

Petitioner claims that he did not exhaust his claims in state court because his claims are

---

[4] If Petitioner has claims pursuant to the Fourth and Fourteenth Amendments beyond those articulated in the pleadings, it is unclear what those additional claims may be and thus will not be considered.   *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (noting that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").

outside the jurisdiction of the state courts.   Contrary to Petitioner's belief, state courts can consider federal claims in state proceedings for habeas relief.   *See Johnson v. Williams*, 568 U.S. 289 (2013).   Thus, the procedures are in place for appropriate state review of these matters, Petitioner just failed to avail himself of those opportunities.   Petitioner has not addressed the issue of an involuntary plea in a state habeas petition; therefore, it is unexhausted.   Given that, if Petitioner takes steps now to exhaust his claims, any subsequent federal filing will still be time-barred because it will be filed past the limitations period.

Petitioner seems to realize this and argues that the claims should be considered under 2254(b)(1)(B)(i).   Even if the exhaustion requirement may be circumvented pursuant to § 2254(b)(1)(B)(i), or, alternatively, if exhaustion was not at issue here, a review of the record shows that Petitioner's guilty plea was made voluntarily.

To support the contention that his plea was involuntary, Petitioner claims that the state district court did not advise him of the correct mandatory minimum sentence; the state district court failed to inform him of the nature of the cause to which he entered his plea; his plea was not voluntarily, knowingly, and intelligently entered because the state district court failed to ensure that Petitioner understood the elements of the charged offense and the state district court did not inform Petitioner of possible defenses or entitlement to a lesser-included offense.   *See* Dkt. No. 1 at 4-5.

A plea of guilty waives a number of constitutional rights.   *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969).   Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'"   *Ruiz*, 536 U.S. at

629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749).   Courts considering challenges to guilty pleas "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).   A realistic understanding of the consequences of a guilty plea means that the defendant knows "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002).   "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea ... will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).   Alternatively, a plea induced by threats, improper promises, deception, or misrepresentation is not voluntary.   *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997); *see also Brady*, 397 U.S. at 755.

"A guilty plea is considered to have been 'intelligently' made if the defendant is 'advised by competent counsel', 'made aware of the nature of the charge against him', and is competent and in control of his mental faculties at the time the plea is entered." *Malley v. Dretke*, No. CIV.A. H-04-1948, 2005 WL 2045455, at *8 (S.D. Tex. Aug. 24, 2005) (quoting *Brady*, 397 U.S. at 755). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)).   In determining whether a plea is intelligent, "the critical issue is whether

the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

In the case at hand, when asked if anyone threatened, forced, or coerced Petitioner to plead guilty, he responded, "No." (Dkt. No. 1 at 15; Tr. vol. 1, 5, May 1, 2018.) Petitioner does not now allege that he was coerced into pleading guilty. Accordingly, it cannot be said that Petitioner's plea was the product of coercion.

In addition to the absence of coercion, Petitioner appeared before the state district court with counsel. (Dkt. No. 1 at 12; Tr. vol. 1, 2, May 1, 2018.) Petitioner's counsel stated that Petitioner was competent. (Dkt. No. 1 at 16; Tr. vol. 1, 6, May 1, 2018.) The court agreed. (Dkt. No. 1 at 16; Tr. vol. 1, 6, May 1, 2018.) Therefore, the record reflects that Petitioner understood the court when the court admonished Petitioner of the consequences of pleading guilty. The transcript shows that the court instructed Petitioner that the range of punishment was "not less than five years nor more than 99 years or life in prison." (Dkt. No. 1 at 15; Tr. vol. 1, 5, May 1, 2018.) The court informed Petitioner that, by pleading guilty, he waived his right to assert defenses, to a trial by jury, to confront witnesses, and to appeal. (Dkt. No. 1 at 16-18; Tr. vol. 1, 6-8, May 1, 2018.) The prosecutor read the plea bargain agreement on the record, stating that Petitioner's recommended sentence was 30 years' imprisonment. (Dkt. No. 1 at 19; Tr. vol. 1, 9, May 1, 2018.) Upon receiving the court's admonishments, Petitioner pled guilty to the charges. (Dkt. No. 1 at 15; Tr. vol. 1, 5, May 1, 2018.) He informed the court that he entered his guilty plea freely and voluntarily. (Dkt. No. 1 at 15-16; Tr. vol. 1, 5-6, May 1, 2018.)

Further, the record shows that Petitioner signed a "Waiver of Rights & Consent to Stipulation of Evidence And/Or Testimony & Plea of Guilty or No Contest," in which he indicated

that: (1) he understood he was being charged with a felony; (2) he was mentally competent; (3) his plea was freely and voluntarily made; and (4) he committed each and every element of the offense charged, "namely, MURDER, FELONY 1ST DEGREE." *See* Dkt. No. 5-1 at 31-33. In the Waiver, Petitioner's counsel expressed his belief that Petitioner was mentally competent and aware of the consequences of his plea. *Id.* at 33. Petitioner signed a separate Plea Admonishment form,[5] in which he acknowledged the window of potential imprisonment ("5-99 years/life"). *Id.* at 34-35. Petitioner signed an "Agreed Punishment Recommendation and Post Conviction Waivers" form,[6] which outlined that he would be punished with 30 years' imprisonment. *Id.* at 36-37. Petitioner also signed a "Defendant's Waiver of Right to Appeal & Motion for New Trial." *Id.* at 42. Ultimately, the state district court accepted Petitioner's waiver and guilty plea, finding that Petitioner entered it knowingly and voluntarily after being admonished of his rights. (Dkt. No. 1 at 21; Tr. vol. 1, 11, May 1, 2018.)

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"). Petitioner's sworn and signed statements that he made this plea voluntarily are entitled to this weight and presumption of verity. The transcript and court filings reflect that Petitioner was

---

[5] The wavier and plea admonishments are filed in state court as State Ex. No. 1. *See supra* n.1.

[6] The punishment recommendation is filed in state court as State Ex. No. 3. *See supra* n.1. Within this form, Movant also acknowledged and waived right to appeal and right to new trial as part of plea agreement. *See* Dkt. No. 5-1 at 37.

informed of the allegations and the consequences of his plea to those allegations.   Further, Petitioner was represented by counsel throughout the process.   Petitioner fails to overcome the "strong presumption of verity" given to his declarations made in open court and, therefore, his claim that his plea was involuntary fails.

In sum, Petitioner's federal claim for habeas relief is futile for a few reasons.   It is not only late and unexhausted, but upon considering the merits, the record clearly reflects that Petitioner's plea was voluntary despite his claims otherwise.

### c.   Claim of Insufficient Evidence

Like constitutional claims of an involuntary plea, state courts can also consider challenges to the sufficiency of the evidence, but only on direct appeal, not in a state habeas proceeding. *West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994) ("under Texas law a claim regarding sufficiency of the evidence may be raised on direct appeal but not in a habeas proceeding."); *Camarena v. Dretke*, No. 4:05-CV-752-Y, 2006 WL 1540498, at *3 (N.D. Tex. June 5, 2006) ("Under Texas law, … a sufficiency-of-the-evidence claim is waived if not raised on direct appeal.").   Petitioner's present claim that there was an insufficient factual basis for the court to accept his guilty plea is not only unexhausted, but it is also procedurally defaulted.

The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal habeas petition that have not been presented in Texas courts. *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982); *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001). Procedural default occurs when a prisoner fails to exhaust available state remedies that are no longer available due to an independent and adequate state procedural rule.   *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999) ("Procedural

default exists where ... the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred."). Said another way, when an independent and adequate state procedural rule would bar the claim in state court, the claim cannot be the basis for federal habeas relief. *Garcia v. Lumpkin*, 824 F. App'x 252, 256 (5th Cir. 2020). Here, the procedural rule is clear: Texas state courts only consider challenges to the sufficiency of the evidence on direct appeal. "It has long been the law in Texas that no evidence/insufficient evidence claims are not cognizable in a state application for writ of habeas corpus." *Malley*, 2005 WL 2045455, at *6. Considering the state rule, Petitioner's insufficiency-of-the-evidence claim cannot now form the basis for federal habeas relief.

Generally, federal courts will not review the merits of procedurally defaulted claims. *Martinez v. Ryan*, 566 U.S. 1, 10 (2012). A court cannot consider the claim unless Petitioner demonstrates cause for the default and actual prejudice as a result of the alleged violation, or that the federal court's failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Camarena*, 2006 WL 1540498, at *3. For example, in *Kelly v. Stephens*, the petitioner was convicted for driving while intoxicated and sentenced to 40 years' imprisonment. *Kelly v. Stephens*, No. 3:12-CV-3037-M-BK, 2013 WL 6114835, at *1 (N.D. Tex. Nov. 19, 2013). The petitioner did not challenge the legal or the factual sufficiency of the evidence on direct appeal. *Id.* at *3. However, in his federal petition, the petitioner *did* claim that the evidence was both legally and factually insufficient to support the DWI conviction. *Id.* at *2. The respondent argued that the petitioner's legal insufficiency claim was procedurally barred, and the district court agreed, stating "Petitioner's failure to raise legal sufficiency of the evidence on direct appeal constitutes a procedural default that bars this court from considering his

claim on the merits." *Id.* at 3. The same conclusion applies to Petitioner's case. Petitioner failed to raise the legal sufficiency claim on direct appeal and now the court is barred from considering the merits of the claim.

Where a claim is procedurally defaulted, a petitioner can overcome the default by demonstrating cause for the default and resulting prejudice, or a fundamental miscarriage of justice. Petitioner does not assert any cause for his default[7]; therefore, he must demonstrate a fundamental miscarriage of justice to overcome the procedural default. "The fundamental miscarriage of justice exception to the rule that state procedural default bars federal habeas review is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him." *Finley*, 243 F.3d at 220 (citing *Coleman*, 501 U.S. at 750). Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted. *Id.* (citing *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)). Petitioner has not demonstrated that a fundamental miscarriage of justice would occur as a result of this court's refusal to consider Petitioner's sufficiency of the evidence claim. Accordingly, Petitioner has not established any exception to the procedural default rule.

---

[7] Petitioner may be arguing that the waiver of his right to appeal at the time of plea constitutes sufficient "cause" to overcome a procedural default of this claim. However, the Supreme Court has explained that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "Examples of external impediments include active government interference or the reasonable unavailability of the factual or legal basis for the claim." *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997) (citing *Murray*, 477 U.S. at 488)). Signing away the right to appeal is neither active government interference nor is it entirely external to Petitioner's defense, especially when the waiver was part of a plea deal. Therefore, it is not enough to establish cause. *See Meeks v. Cabana*, 845 F.2d 1319, 1323 (5th Cir. 1988) (noting that defendant's decision not to file appeal, when not the fault of counsel, is insufficient cause to overcome procedural default); *see also Ramirez v. United States*, CR B:09-424-1, 2014 WL 12695756, at *8 (S.D. Tex. July 16, 2014) (citing *Meeks* in support of holding that defendant's waiver of appeal as part of plea agreement is not sufficient cause to overcome procedural default of habeas claims).

Another mitigating circumstance is the guilty plea itself.  Petitioner's sufficiency of the evidence claim is essentially a claim that there was not enough evidence to support his guilty plea. The Fifth Circuit has held that state courts are under no constitutional duty to establish a factual basis for a guilty plea prior to its acceptance unless the judge has specific notice that such an inquiry is needed.  *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986); *Matthew v. Johnson*, 201 F.3d 353, 368 (5th Cir. 2000); *Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir. 1983) ("no federal constitutional issue is raised by the failure of a Texas state court to require evidence of guilt corroborating a voluntary guilty plea"); *see also Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981).

In *Ambrose v. Director, TDCJ-CID*, the petitioner sought federal habeas relief after being convicted in state court for the sexual assault of a child.  *Ambrose v. Dir., TDCJ-CID*, No. CIV.A. 6:07CV564, 2008 WL 4279626, at *1 (E.D. Tex. Sept. 12, 2008).  The petitioner, Ambrose, stipulated to the evidence against him and pled guilty.  *Id.* at 13.  The petitioner did not appeal, but he did apply for state habeas relief.  *Id.* at 1.  In his habeas application, the petitioner complained that there was insufficient evidence to support his conviction.  *Id.* at 13.  Citing Fifth Circuit precedent, the court held, "state courts are under no constitutional duty to establish a factual basis for a guilty plea prior to its acceptance, unless the judge has specific notice that such an inquiry is needed."  *Id.* (citing *Smith*, 786 F.2d at 702).  The court explained that Ambrose signed a sworn stipulation of the evidence against him, which demonstrated that he had committed a sexual assault on multiple occasions.  *Id.* at *13.  Further, such a statement carries "a strong presumption of verity."  *Id.* (citing *Blackledge*, 431 U.S. at 74).  "Ambrose's stipulation itself is sufficient evidence upon which to base the conviction."  *Id.*

The conclusions in *Ambrose* are relevant to Petitioner's present insufficiency-of-the-evidence claim for two reasons.   First, Petitioner's argument that his conviction is invalid due to insufficient evidence fails because a state court does not have a duty to ensure there is a factual basis to support a voluntary guilty plea unless specifically placed on notice.   Second, Petitioner stipulated to committing each and every element of the offense alleged.   (Dkt. No. 5-1 at 31.)   "A guilty plea and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and lawful sentence."   *United States v. Broce*, 488 U.S. 563, 569 (1989).   Petitioner's stipulation, in and of itself, is sufficient to support the conviction.   As in *Ambrose*, such statements carry a strong presumption of verity.

In sum, Petitioner's sufficiency of the evidence claim fails for multiple reasons.   The claim is time-barred and unexhausted.   Petitioner cannot now exhaust the claim because it is procedurally defaulted — claims regarding sufficiency of the evidence may only be raised on direct appeal in state court, not in a habeas proceeding at the state level.   Finally, Petitioner's claim that there was no evidence to support his voluntary guilty plea lacks merit for habeas review in light of his stipulation when he pled guilty.

### d.   **Petitioner's Reliance on *Granberry v. Greer***

Finally, Petitioner cites *Granberry v. Greer*, 481 U.S. 129 (1987), to support his claim that, "exhaustion [s]hould be waived in order to avoid unnecessary delay in granting relief that [i]s warranted."   (Dkt. No. 6 at 6) (brackets original).   At issue in *Granberry* was "[h]ow an appellate court ought to handle a nonexhausted habeas petition when the State has not raised this objection in the district court."   *Granberry*, 481 U.S. at 131.   Should the State's failure to raise the exhaustion issue constitute a waiver?   Ultimately, the Court adopted an "intermediate approach," directing courts of appeals to exercise discretion in similarly situated cases.   *Id.*   The decision by

a court of appeals should hinge on whether the "administration of justice would be better served by insisting on exhaustion or by reaching the merits of the petition forthwith." *Id.*   For example, if a full trial was held before the district court and "it is evident that a miscarriage of justice occurred, it may be appropriate for the court of appeals to hold that the nonexhaustion defense has been waived [by the State] in order to avoid unnecessary delay in granting relief that is plainly warranted." *Id.* at 136.

Unfortunately for Petitioner, *Granberry* is inapplicable.   Respondent did raise the exhaustion issue, so there is no question of whether that defense has been waived by the State. Second, *Granberry* allows a waiver of the exhaustion requirement where it is evident that a miscarriage of justice has occurred.   Even if Respondent did fail to raise non-exhaustion as a defense, as noted above, it is not evident from the record that a miscarriage of justice has occurred. To the contrary, it appears there was a plea entered into voluntarily by Petitioner and evidence to support the plea, itself.

Accordingly, Petitioner's argument pursuant to *Granberry* fails.   The exhaustion requirement remains in place.

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, Petitioner's claims are barred by the non-exhaustion doctrine and the AEDPA limitations period; furthermore, the claims themselves, if considered, based on the record, are meritless as there are no genuine issues of material facts for review or consideration that have been presented by Petitioner.   Fed. R. Civ. P. 56(a).   Therefore, the undersigned recommends that Respondent's Motion for Summary Judgment (Dkt. No. 5) be

**GRANTED.**   It is recommended that Petitioner's § 2254 petition (Dkt. No. 1) be **DISMISSED** with prejudice.   Finally, Petitioner's § 2254 case should be closed.

### *Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability.   Petitioner may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability."   28 U.S.C. § 2253(c)(1)(A).   The § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   R. Gov. Sec. 2254 Cases 11.   Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability ("COA").

A movant is entitled to a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."   *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).   For claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Miller-El*, 537 U.S. at 327. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack*, 529 U.S. at 484; 28 U.S.C. § 2253(c).

The record demonstrates that Petitioner's habeas claims and application comes too late, lacks proper state review, and are procedurally defaulted from consideration, each a procedural error that precludes further review.   Reasonable jurists would not find it debatable that there is a valid claim of denial of a constitutional right or that the court was incorrect in its procedural ruling as to each of Petitioner's habeas claims.   Stated another way, Petitioner has failed to demonstrate that reasonable jurists would debate the correctness of this court's conclusion that the § 2254 habeas petition is time-barred, exhausted and procedurally defaulted to allow for federal review. Alternatively, even considering the merits for the sake of argument, Petitioner would not be able to establish that reasonable jurists would find the court's assessment of the habeas claims presented debatable or wrong.   It is recommended that the District Court deny a COA.

Accordingly, Petitioner is not entitled to a COA.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).   Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

**DONE** at McAllen, Texas, this 29th day of October, 2021.

Juan F. Alanis
United States Magistrate Judge